MICHAEL D. LONG  (CA State Bar #149475)
901 H Street, Suite 301
Sacramento, CA 95814
(916) 201-4188
Mike.Long.Law@msn.com

Attorney for YONG KUAI ZHENG

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE UNITED STATES OF AMERICA, | ) No. 2:22-231 DAD |
| Plaintiff, | ) |
| | ) STIPULATION AND ORDER TO |
| v. | ) CONTINUE THE STATUS |
| | ) CONFERENCE FOR ALL DEFENDANTS |
| DE KUN ZHENG, | ) |
| YU ZHENG, | ) Requested date: 8-17-2026 |
| DE MING ZHENG and | ) Time: 9:30 a.m. |
| YONG KUAI ZHENG, | ) Judge: Hon. Dale A. Drozd |
| Defendants. | ) |
| ==============================) | |

On December 12, 2025, this case was re-assigned from Judge John A. Mendez to Judge Dale A. Drozd.

It is hereby stipulated between the parties, Roger Yang, Assistant United States Attorneys, A.F.D. Hootan Baigmohammadi, attorney for defendant DE KUN ZHENG, Michael Long, attorney for defendant YONG KUAI ZHENG, Chris Cosca, attorney for DE MING ZHENG and Mark Reichel, attorney for defendant YU ZHENG, that the vacated status conference which was set for May 18, 2026, at 9:30 a.m., before Judge Drozd, should be re-set for August 17, 2026, at 9:30 a.m., before Judge Drozd, under the Local Code T-4 (to allow defense counsel time to prepare).

The parties agree and stipulate, and request the Court find the following:

a.  De Ming Zheng was arraigned on March 21, 2025, and his counsel, Chris Cosca, received the voluminous discovery, which is described below, shortly thereafter.  Mr. Cosca is conducting his review of the discovery and reviewing it with his client.

-1-

b.  In August of 2025, Allison Margolin, attorney for defendant YU ZHENG became seriously ill and she was replaced by attorney Mark Reichel.  Mr. Reichel has received the voluminous discovery, is continuing to conduct his review of it and he is reviewing it with his client.

c.  Assistant Federal Defender Hootan Baigmohammadi, attorney for defendant DE KUN ZHENG, is scheduled for a jury trial commencing on May 18, 2026.

d.  Michael Long, attorney for defendant YONG KUAI ZHENG, is scheduled for jury trials commencing on June 1, 2026, (Judge Mendez), June 30, 2026, (Judge Drozd), July 27, 2026 (Judge Calabretta) and August 3, 2026 (a murder trial in Sacramento County Superior Court).

e.  AUSA Roger Yang has a jury trial that is scheduled to commence on July 13, 2026.

e. A continuance is requested to continue to allow the Defense to continue to review the voluminous discovery (over one TB – more than 50,000 pages), conduct investigation, confer with clients and discuss with the government a potential resolution. The discovery is accompanied by a protective order which prevents defense counsel from giving the discovery to the clients.  Reviewing discovery with the clients is a slow process because the clients require most communications to be translated or interpreted into the Chinese language.  All Counsel require additional time to prepare.

f. Counsel for each of the Defendants believes the failure to grant a continuance in this case would deny defense counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

g. The Government does not object to the continuance.

h. Based on the above-stated findings, the ends of justice served by granting the requested continuance outweigh the best interests of the public and the defendants in a speedy trial within the original date prescribed by the Speedy Trial Act.

i. For the purpose of computing time under the Speedy Trial Act, 18 United States Code Section 3161(h)(7)(A) within which trial must commence, the time period of today's date, to August 17, 2026, inclusive, is deemed excludable pursuant to 18 United States Code Section 3161(h)(7)(A) and (B)(iv), corresponding to Local Code T-4 because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

j. Time has previously been excluded through the status hearing date of May 18, 2026.

Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

Dated:  May 10, 2026                    Respectfully submitted,

                                        /s/ *Michael D. Long*_____
                                        MICHAEL D. LONG
                                        Attorney for YONG KUAI ZHENG

                                        /s/ *Hootan Baigmohammadi*_____
                                        HOOTAN BAIGMOHAMMADI
                                        Attorney for DE KUN ZHENG

                                        /s/ *Mark Reichel*_____
                                        MARK REICHEL
                                        Attorney for YU ZHENG

                                        /s/ *Chris Cosca*_____
                                        CHRIS COSCA
                                        Attorney for DE MING ZHENG

Dated:  May 10, 2026

ERIC GRANT
United States Attorney

/s/ *Roger Yang*_____
ROGER YANG
Assistant U.S. Attorney

ORDER

**GOOD CAUSE APPEARING AND HAVING BEEN SHOWN, IT IS SO ORDERED**.

The date for the status hearing in this matter is hereby re-set for August 17, 2026, at 9:30 a.m., before District Court Judge Dale A. Drozd and time is excluded through the new hearing date of August 17, 2026, pursuant to 18 U.S.C. § 3161(h)(7)(A) and (B)(iv), Local Code T-4, because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.  **However, no further continuances of the of the status conference in this case will be granted absent a compelling showing of good cause.**

IT IS SO ORDERED.

Dated:   **May 11, 2026**

_____
DALE A. DROZD
UNITED STATES DISTRICT JUDGE